IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KYLE AVERY,

        Plaintiff,                  No. CIV S-06-0602 GEB KJM P

    vs.

SCOTT KERNAN[1], et al.,

        Defendants.          <u>ORDER</u>

                              /

        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action under 42 U.S.C. § 1983 together with a request for leave to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 under 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $250.00 for this action. 28 U.S.C. § 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently

---

[1] Plaintiff spelled the warden's last name "Kurnan." The court will use the correct spelling throughout this action.

1

without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

I. <u>The Amended Complaint</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. <u>Neitzke</u>, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984) (citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>Palmer v. Roosevelt Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in

question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff's amended complaint, filed May 11, 2006, consists of a lengthy list of defendants, a long statement of facts, several pages of contentions, and a memorandum of points and authorities that appears to add facts not included in the statement of facts, followed by approximately ninety pages of exhibits.

From this mass of documents, the court can determine only that plaintiff complains of being subjected to pepper spray despite his chronic asthma; that he was placed in a cell with a plastic bag, which he used to attempt suicide; that officers laughed at him; that one officer informed other inmates that he was a snitch; that his appeals have been mishandled; that various reports of the pepper spray incident have been falsified; and that he has been retaliated against in unspecified ways, for reasons not described. Plaintiff does not always link the claims to a particular defendant.

Use of excessive force and disregard of a prisoner's mental health needs may state Eighth Amendment claims under the civil rights act. Hudson v. McMillian, 503 U.S. 1, 6 (1992) (use of force); Olson v. Bloomberg, 339 F.3d 730, 735-36 (8th Cir. 2003) (inmate suicide cases are analyzed using same framework applicable to failure to provide appropriate medical care). While plaintiff names those involved in the use of pepper spray, he does not clearly identify those he believes were responsible for ignoring his suicidal state of mind. He will be given the opportunity to amend these portions of his complaint, if he can do so while complying fully with Federal Rule of Civil Procedure 11.

Generally, the falsification of disciplinary reports or documents will not state a claim under the civil rights act if the inmate receives a hearing and is able to challenge the reports. Smith v. Mensinger, 293 F.3d 641, 653-54 (3d Cir. 2002). However, if the falsification interferes with the hearing process itself, the use of such documents may state a claim under the

3

civil rights act. Id. at 653-54 n.10. The court is unable to determine the exact nature of plaintiff's claim, but here as well will give plaintiff the opportunity to file an amended complaint if he is able.

Neither verbal harassment nor deficiencies in the grievance process state a claim under the civil rights action; these claims have no place in any amended complaint. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) ("it trivializes the eighth amendment to believe a threat constitutes a constitutional wrong"); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (because there is no constitutional right to a grievance process, any deficiencies in the response to plaintiff's grievances do not state a claim cognizable in a civil rights act).

Allegations that prison officials labeled a prisoner a "snitch" have been found sufficient to state a claim of deliberate indifference to a prisoner's safety. See Valandingham v. Bojorquez, 866 F.2d 1135, 1139 (9th Cir. 1989). In addition to showing that he was labeled a "snitch," a prisoner bringing such a claim must allege that he was subjected to retaliation or threats of retaliation at the hands of other inmates and that prison officials were aware that their actions exposed the prisoner to substantial risk of serious harm. See Morgan v. MacDonald, 41 F.3d 1291, 1293-94 (9th Cir. 1994). Plaintiff has alleged an officer told others he was a snitch, but he has not alleged that other inmates threatened him or otherwise took action after being told he was a snitch. He will be given an opportunity to amend this portion of his complaint if he can.

If prison officials retaliate against an inmate for the exercise of his constitutional rights, the prisoner may have a viable claim under the civil rights act. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (elements of a retaliation claim are (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal). In this case, however, plaintiff does not address the basis or nature of the defendants' retaliatory acts or which defendants were involved in the retaliation. He will be given the opportunity to amend this

portion of his complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, plaintiff is directed to the case of McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996), in which the Ninth Circuit Court of Appeal upheld the dismissal of a complaint it found to be "argumentative, prolix, replete with redundancy, and largely irrelevant. It consists largely of immaterial background information." The court observed the Federal Rules require that a complaint consist of "simple, concise, and direct" averments. Id. As a model of concise pleading, the court quoted the standard form negligence complaint from the Appendix to the Federal Rules of Civil Procedure:

/////

1. Allegation of jurisdiction.

2. On June 1, 1936, in a public highway, called Boylston Street, in Boston Massachusetts, defendant negligently drove a motor vehicle against plaintiff, who was then crossing said highway.

3. As a result plaintiff was thrown down and had his leg broken, and was otherwise injured, was prevented from transacting his business, suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of one thousand dollars.

Wherefore plaintiff demands judgment against defendant in the sum of one thousand dollars.

Id.

Phrased another way, "Vigorous writing is concise." William Strunk, Jr. & E.B. White, The Elements of Style, § III, ¶ 13 <http://www.bartleby.com/141>.

Plaintiff's complaint suffers from many of the same problems as the pleading dismissed in McHenry: there is much "'narrative rambling[]'" yet a marked lack of "notice of what legal claims are asserted against which defendants." Id. at 1176. As in McHenry, "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges." Id. at 1179.

Plaintiff will be given a further opportunity to file an amended complaint, **limited to twenty pages**, including any memorandum of points and authorities and exhibits. Plaintiff may use the court's form for filing a civil rights action, which will be provided.

II. The Motion For Appointment Of Counsel

Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel under 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel

will therefore be denied.

III. <u>The Motion For Injunctive Relief</u>

Plaintiff seeks preliminary injunctive relief, guaranteeing him access to the law library and to legal supplies in order to pursue not only this case, but others pending in state and federal courts.

In light of this court's determination that his complaint must be dismissed, there is no underlying action to support plaintiff's request at this time. Accordingly, it will be denied without prejudice.

IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed, and the Clerk of the Court is directed to send plaintiff another copy of the court's form complaint for filing of civil rights actions under 42 U.S.C. § 1983.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that is limited to **twenty** pages, that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

5. Plaintiff's April 20, 2006 request for the appointment of counsel is denied.

/////
/////
/////

1       6. Plaintiff's April 20, 2006 request for preliminary injunctive relief is denied
2 without prejudice.
3 DATED: June 27, 2006.

                              UNITED STATES MAGISTRATE JUDGE

2/
aver0602.14a