IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KYLE AVERY,

    Plaintiff,                    No. CIV S-06-0602 GEB KJM P

    vs.

SCOTT KERNAN, et al.,         <u>ORDER AND</u>

    Defendants.          <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. There are several motions pending before the court.

I. <u>Motion For Injunction In Regards To Plaintiff's Property</u> (Docket No. 33)

        Plaintiff filed a motion asking the court to direct the return of his legal property, among other things. The motion has the instant case number but the title <u>Avery v. Heintschel</u>. The body of the motion refers to rulings this court has not made and to a pending motion to dismiss; none has been filed in this case. It appears that this motion should be filed in <u>Avery v. Heintschel</u>, Civ. No. S-06-0041 LKK GGH P.

/////

/////

//////

II.  <u>Motion For Injunctive Relief</u> (Docket No. 21)

   Plaintiff alleges that he has been transferred to California State Prison-Sacramento for court proceedings in Sacramento County Superior Court, yet his legal property has not been released to him.  In addition, he is not being allowed to go to the library to secure the necessary supplies and access to copying and case citations.  Further, he claims that his institutional appeals have been "lost" or ignored.  He proposes a system of logging grievances and another system of ensuring that inmates in segregation, where he is now housed, receive copies and supplies.  Finally, he seeks an order ensuring his access to the court in this case, as well as in all his other pending actions.

   The legal principles applicable to a request for injunctive relief are well established.  To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor.  <u>See</u> <u>Coalition for Economic Equity v. Wilson</u>, 122 F.3d 692, 700 (9th Cir. 1997); <u>Oakland Tribune, Inc. v. Chronicle Publ'g Co.</u>, 762 F.2d 1374, 1376 (9th Cir. 1985).  The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown.  <u>Oakland Tribune</u>, 762 F.2d at 1376.  "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury."  <u>Id.</u>  In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits.  <u>Id.</u>

   In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a)(2).

   Plaintiff has not shown that his lack of access to his legal materials has harmed his ability to litigate this case.  Moreover, while his alleged lack of access to photocopying services may pose more of a problem, he has not suggested or estimated how long he will be

housed out of CSP-Sac; it does not appear that plaintiff is unable to obtain the necessary photocopies when he is at Corcoran.  Finally, this court will not issue any orders based on plaintiff's inability to litigate his other cases; there must be some connection between the claimed injury and the case before the court.  See Omega World Travel v. Trans World Airways, 111 F.3d 14, 16 (4th Cir. 1997).  He has not made the showing necessary to support the issuance of any extraordinary relief.

III.  Motions To Grant Prior Motions (Docket Nos. 29 & 31)

Because the court is ruling on plaintiff's earlier-filed motions, this portion of the request is moot.

Plaintiff seeks copies of everything he has filed as well as a copy of the docket because he has not had access to the law library copy machine.  This the court will not do, as the court is not in a position to act as a legal assistant to litigants.

IV.  Motion To Dismiss Two Defendants (Docket No. 28)

Plaintiff asks to dismiss two of the defendants this court found appropriate for service.  The court will grant this motion in the interests of justice and will direct the United States Marshal's Service to cease any attempts to secure waivers of service from these two defendants.

Plaintiff also asks that the court direct service on defendant Joseph.  The court declines to do so.  Plaintiff alleges that Joseph conspired with others to botch the investigation into the use of force against plaintiff.  These claims do not meet the requirements for pleading a conspiracy under 42 U.S.C. §§ 1983 and 1985(3):  a plaintiff must plead specific facts suggesting mutual understanding among conspirators to deprive plaintiff of constitutional rights.  Conclusory allegations are not sufficient.  See Duvall v. Sharp, 905 F.2d 1188, 1189 (8th Cir. 1990); Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989).

/////

/////

3

IT IS HEREBY ORDERED that:

1. Plaintiff's April 10 and April 13, 2007 motions (Docket Nos. 29 and 31) are denied with respect to the court providing copies and are moot with respect to plaintiff's request for the court to respond to prior motions.

2. The Clerk of the Court is directed to remove Docket No. 33, filed May 8, 2007, and file it in <u>Avery v. Heintschel</u>, Civ. No. S-06-0041 LKK GGH P.

3. The Clerk of the Court is directed to change the court's records to reflect plaintiff's current address to be CSP-Sacramento, as reflected on Docket No. 31.

4. Plaintiff's motion to dismiss defendants Rosensteel and Prentice (Docket No. 28) is granted and the Marshal is directed to cease attempts to secure waivers of service from these two defendants but denied insofar as plaintiff asks that defendant Joseph be served.

5. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal.

IT IS HEREBY RECOMMENDED that plaintiff's March 7, 2007 (Docket No. 21) request for a preliminary injunction be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 1, 2007.

_____
U.S. MAGISTRATE JUDGE

2/aver0602.noc

4