IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KYLE AVERY,

    Plaintiff,                      No. CIV S-06-0602 GEB KJM P

    vs.

M.H. FERYANCE, et al.,          ORDER AND

    Defendants.               FINDINGS AND RECOMMENDATIONS

/

          Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. On December 19, 2007, he filed a motion for a temporary restraining order and a preliminary injunction directing prison officials to stop interfering with his legal mail, particularly with letters to an investigator appointed by Sacramento County Superior Court in connection with a pending criminal prosecution against him and with letters to a law firm, apparently sent in an attempt to secure counsel for some of his civil litigation. He has not alleged that his prosecution of the underlying action has been hampered by the legal mail problems he challenges.

          In Devose v. Herrington, 42 F.3d 470 (8th Cir. 1994), the inmate plaintiff sought an injunction preventing the defendants from filing false disciplinary charges and taking other actions in retaliation for the underlying lawsuit, in which plaintiff challenged his medical care.

1

The Court of Appeal observed:

> [A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint. It is self-evident that Devose's motion for temporary relief has nothing to do with preserving the district court's decision making power. . . . Although these new assertions might support additional claims against the same prison officials, they cannot provide the basis for a preliminary injunction in this lawsuit.

Id. (citations omitted); see also Omega World Travel v. Trans World Airways, 111 F.3d 14, 16 (4th Cir. 1997); Lebron v. Armstrong, 289 F.Supp.2d 56, 61 (D. Conn. 2003). If this showing of relationship is not made, the court should not proceed to consider the factors for the issuance of preliminary relief. In re Microsoft Antitrust Litigation, 333 F.3d 517, 526 (4th Cir. 2003). Plaintiff has failed to demonstrate the necessary connection with his underlying complaint, which asserts claims of Fifth and Eighth Amendment violations.

In addition, on December 19, 2007, plaintiff filed a motion requesting the court to order the prison to provide one telephone call a week between himself and plaintiff's counsel. The court declines to do so.

IT IS HEREBY ORDERED that:

1. Plaintiff's December 19, 2007 motion for court-ordered telephone calls (docket no. 45) is denied; and

2. Plaintiff's December 19, 2007 motion for a temporary restraining order (docket no. 46) is denied.

IT IS HEREBY RECOMMENDED that plaintiff's December 19, 2007 motion for a preliminary injunction (docket no. 46) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's

Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 31, 2008.

_____
U.S. MAGISTRATE JUDGE

2

aver0602.inj